**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LIN EDWARD MANDERSCHEID,**

        **Petitioner,**

        v.                               CASE NO. 10-3030-SAC

**STATE OF KANSAS,**

        **Respondent.**

### O R D E R

The initial pleading submitted in this action was liberally construed and filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, due to its content[1]. Petitioner is an inmate of the Sumner County Jail, Wellington, Kansas. Having considered the materials filed, the court finds as follows.

Petitioner has not satisfied the statutory filing fee prerequisite set forth in 28 U.S.C. § 1914 [2]. See Jarrett v. US Sprint Communications Co., 22 F.3d 256, 261 (10th Cir. 1994)("The filing fee requirement . . . is established by Congress as a prerequisite to a civil action and must be complied with, absent the granting of IFP status."). In order to proceed in this action,

---

[1] A letter has been received from petitioner in which he objects to this characterization, apparently on the basis that he does not know what a habeas corpus is. However, it is obvious that Mr. Manderscheid seeks to challenge a state conviction, and the United States Supreme Court has held that such claims may only be raised in a habeas corpus petition. Thus, if this action were construed as a civil rights complaint, based only upon Mr. Manderscheid's misguided insistence, it would be denied precisely because his claims must be brought in a habeas corpus petition. Furthermore, Mr. Manderscheid would be assessed a filing fee of $350.00, which he would be obligated to pay, if not immediately, through payments deducted from his inmate account as funds became available.

[2] 28 U.S.C. § 1914(a) pertinently provides: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." "Payment of the docket fee, or a proper grant of forma pauperis status, is a precondition to . . . litigation." See Sloan v. Lesza, 181 F.3d 857, 858 (7th Cir. 1999).

petitioner must either pay the filing fee for a habeas petition of $5.00, the filing fee of $350.00 for a civil rights complaint, or submit a motion for leave to proceed without prepayment of fees. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Petitioner will be given time to pay the appropriate fee or submit a proper motion. If he fails to satisfy these filing fee requirements within the allotted time, this action may be dismissed without prejudice and without further notice.

Petitioner encaptions his pleading "Demand for Speedy and Public Trial and Criminal Complaint." However, it is apparent from the body of this pleading that he seeks to challenge his state prosecution and conviction for a crime. He generally claims false incarceration and false conviction. He accuses "the judicial system" of "heinous crimes" and appears to allege his conviction was a cover-up for those crimes. He alleges there was no evidence of a crime on his part, that he was not allowed to present any defense, and that the jury was "strong-armed". He also claims he was denied the right to represent himself as well as assistance of counsel. In addition, he challenges the testimony of witnesses as well as the conduct of the judge. The relief he seeks is immediate release and an investigation.

Upon screening, the court finds the following deficiencies in

this pleading. First, any challenge to a state court conviction in federal court must be presented in a habeas corpus petition, which must be upon forms provided by the court. Second, before a state prisoner may proceed in federal court upon such claims, he must have presented all his claims to the courts of the State, and ultimately to the Kansas Supreme Court. He must do this by properly proceeding to directly appeal his conviction to the Kansas Court of Appeals, and if unsuccessful, then to the Kansas Supreme Court. If direct appeal is no longer available, he must exhaust state court remedies by filing a state post-conviction motion in the trial court, then appeal any denial to the Kansas Court of Appeals, and ultimately seek review by the Kansas Supreme Court. There is no indication in the pleading that Mr. Manderscheid has exhausted state court remedies on his claims. Mr. Manderscheid is forewarned that if he squanders his opportunity to raise all his claims on direct appeal by making improper demands in the wrong courts, he may lose his right to appeal and be procedurally defaulted in the future from raising those claims in federal court.

Petitioner is given time to satisfy the filing fee prerequisite, to submit his petition upon forms provided by the court, and to show cause why this action should not be dismissed for failure to fully and properly exhaust state court remedies. If he fails to comply with this order in the allotted time, this action may be dismissed without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to either pay the appropriate filing fee for this action or submit a properly supported motion to proceed without

prepayment of fees, to submit his petition upon forms provided by the court, and to show cause why this action should not be treated as a habeas corpus petition and dismissed, without prejudice, for failure to fully and properly exhaust state court remedies.

The clerk of the court is directed to transmit forms for filing a Motion to Proceed Without Prepayment of Fees, a habeas corpus petition pursuant to 28 U.S.C. § 2254, and a civil rights complaint, 42 U.S.C. § 1983, to petitioner.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge